1  Robert A. Johnson, SBN 155938
2  Sandra V. Biggs, SBN 175930
   ROBERT JOHNSON LAW CORPORATION
   101 S. El Camino Real, Suite 100
3  San Clemente, California 92672
   Telephone: (949) 498-4999
4  Facsimile: (949) 498-4998
   Email: robert@robertjohnsonlaw.com
5
6  Attorneys for Plaintiffs and Counter-Defendants
   Agit Global, Inc. and Tzong In Yeh
7
   Edward M. Bialack, SBN 60580
8  LAW OFFICES OF EDWARD M. BIALACK
   5550 Topanga Canyon Boulevard, Suite 200
   Woodland Hills, CA 91267
9  Telephone: (818) 992-0195
   Facsimile: (818) 883-8997
10
11 Attorneys for Defendant and Counter-Claimant
   WHAM-O, Inc.
12
13              IN THE UNITED STATES DISTRICT COURT
14           FOR THE CENTRAL DISTRICT OF CALIFORNIA
15
16 AGIT GLOBAL, INC., a Taiwanese      )  Case No.:  CV09-8133 CAS (JCx)
   corporation; and TZONG IN YEH, also )
   known as John Yeh, an individual,   )
17                                      )
18                    Plaintiffs,       )  **ORDER ON STIPULATION FOR
                                        )  PROTECTION OF
                                        )  CONFIDENTIAL AND
19          v.                          )  PROPRIETARY INFORMATION**
                                        )
20 WHAM-O, INC., a Delaware            )  **[CHANGES MADE BY COURT]**
   corporation; and DOES 1 through 10, )
21 inclusive,                          )
                                        )  Assigned to: Judge Christina A. Snyder
22                    Defendants.       )
                                        )  Assigned to: Magistrate Jacqueline
23 ─────────────────────────────────   )  Chooljian
   AND RELATED CROSS-ACTION            )
24                                      )
25
26
27
28

1    WHEREAS, discovery in this action may involve disclosure of confidential,
2  private, proprietary, trade secret, technical, business, personal and financial
3  information not previously disclosed (hereinafter referred to as "Confidential
4  Information");

5    WHEREAS, the parties to this action Plaintiffs and Counter-Defendants
6  AGIT GLOBAL, INC. and TZONG IN YEH and Defendant and Counter-
7  Claimant WHAM-O, INC. (collectively, the "Parties") have agreed to be bound
8  by the terms of this Stipulation for Protection of Confidential and Proprietary
9  Information, and the Order thereon ("Order"), and have agreed that the terms and
10  conditions of this Order shall govern the handling of documents, answers to
11  interrogatories, depositions, pleadings, exhibits and other information, regardless
12  of the form in which it is stored and/or exchanged by the parties in this action;

13    WHEREAS, this Order does not affect any rights and obligations any Party
14  may have regarding use of information or documents it possesses independently
15  of such production, any Party's contractual right to obtain and use any information
16  or documents from another Party, or any contractual right a Party may have to
17  obtain and use any information or documents from another Party;

18    IT IS HEREBY STIPULATED that the terms of the protective order shall
19  be as follows:

20  **APPLICABILITY**

21    1.    This Order shall be applicable to and govern all depositions,
22  documents produced, answers to interrogatories, responses to requests for
23  admissions and all other discovery taken, as well as other information which the
24  disclosing Party designates as Confidential Information hereafter furnished,
25  directly or indirectly, by or on behalf of any Party in connection with this action.
26  ///
27  ///
28  ///

**DEFINITIONS**

2.1    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2    Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3    "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed.R.Civ.P. 26(c).

2.4    "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6    Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7    Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8    Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action, as well as non-employee attorneys that represent or advise a Party to the companion action pending in Canada entitled <u>Agit Global, Inc. v. Wham-O, Inc.</u>, Canadian Federal Court, case number T-324-08.

2.9    House Counsel:  attorneys who are employees of a Party.

2.10   Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.11   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## DESIGNATION OF CONFIDENTIAL INFORMATION

3.     For the purposes of this Order, the actions of a Party's counsel of record shall be deemed to be the actions of that Party.  For purposes of this Order, "this Action" means the above-captioned case and such other proceedings not within the jurisdiction of this Court as to which the parties may separately agree in writing.

4.     In designating Disclosure or Discovery Material as "Confidential," a Designating Party shall make such a designation only as to material which the Designating Party's attorney believes in good faith to be properly subject to a protective order under the relevant provisions of the Federal Rules of Civil Procedure or other applicable law.  However specific material already disseminated or otherwise generally available to persons not connected with the businesses of any Designating Party shall not be designated as Confidential Information.

5.     In designating Disclosure or Discovery Material as "Highly Confidential -- Attorneys' Eyes Only," a Designating Party shall make such a designation only as to material which that Designating Party's attorney believes in good faith to be of extraordinary competitive sensitivity, such that the business principals of another Party should not be given access to such information.

6.     A Designating Party's authority to designate Disclosure or Discovery Material as "Confidential" or "Highly Confidential -- Attorneys Eyes Only" is not limited to information in that Designating Party's possession, custody or control. Any writing or document produced, interrogatory answer or response to request for admission ("written discovery response"), now or hereafter pending, which contains or discloses any Confidential Information, may be so designated by any Party.

7.     All written discovery responses designated as containing Confidential Information shall be marked with either the notation "Confidential" or the notation "Highly Confidential -- Attorneys' Eyes Only." Such designation shall be made by conspicuously placing the "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" mark on the cover and each page of the written discovery response on which Confidential Information appears.

8.     Documents that are designated as containing Confidential Information that are produced in response to document request or subpoenas shall be marked with either the notation "Confidential" or the notation "Highly Confidential -- Attorneys' Eyes Only." Such designation shall be made by conspicuously placing the "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" mark on the cover and each page of the written discovery.

9.     The Parties shall maintain records sufficient to establish which documents have been designated as Confidential Information pursuant to this Order. (The purpose of this requirement is to avoid confusion regarding documents that may have been previously marked as confidential but which are

not so designated in this Action.)  Such records shall be provided as requested by any Party from time to time.

**CONFIDENTIAL INFORMATION IN DEPOSITIONS**

10.    If any Confidential Information is the subject of inquiry at a deposition, the portion of the original of the transcript which sets forth or contains information about such Confidential Information shall be sealed and held by the court reporter and shall not be filed except pursuant to Paragraph 19 of this Order. In the case of deposition testimony, counsel may make the designation on the record.  If after receipt of a deposition transcript, any Party determines that the transcript discloses or contains Confidential Information, a Party may designate portions of the transcript which contain or disclose Confidential Information as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" by written notice to the reporter and all counsel of record, given within twenty (20) days after the transcript is received by the Designating Party.  In providing such written notice, the Designating Party shall list on a separate piece of paper the numbers of pages of the transcript containing Confidential Information, inserting the list at the end of the transcript, and mailing copies of the list to counsel of record so that it may be affixed to the face of the transcript and each copy thereof.  Pending such designation, the entire deposition transcript, including exhibits, shall be deemed "Confidential;" if no designation is made within twenty (20) days after receipt of the transcript, the transcript shall be considered not to contain any Confidential Information.

**USE OF CONFIDENTIAL INFORMATION**

11.    Any document, written discovery response, deposition transcript, testimony or other information designated as containing Confidential Information, and all information derived therefrom, shall be used solely for the purpose of this Action, and not for any business or other purpose whatsoever.  Such document, written discovery response, deposition transcript, testimony or Confidential

Information shall not be disclosed to anyone except as provided in this Order. Nothing contained in this Order shall affect the rights of a Party to use or disclose material that only that Party has designated as Confidential Information.

## DISCLOSURE OF CONFIDENTIAL INFORMATION

12.     For purposes of this Order, disclosure of Confidential Information shall mean and include any communication (whether by direct presentation, summary or otherwise) of the contents of the Confidential Information or information derived from the Confidential Information.

13.     Confidential Information, if designated "Highly Confidential -- Attorneys' Eyes Only," shall be disclosed only to:

a.     Outside Counsel for the named Parties, who shall limit access to such documents to themselves, their employees and similar personnel, and others as permitted by this Order;

b.     Experts or consultants retained or sought to be retained by such counsel to assist in preparation of this Action for trial, arbitration, related proceedings, or settlement, with disclosure only to the extent necessary to perform such work, provided such persons agree in writing to be bound by the terms of this Order pursuant to the procedures of (and only to the extent required by) Paragraphs 14 and 16 herein;

c.     The persons who are authors or addressees, or have been shown by either testimony under oath or documentary evidence to have been readers of the Confidential Information prior to the commencement of this Action, provided such persons agree in writing to be bound by the terms of this Order pursuant to the procedures of (and only to the extent required by) Paragraph 16 herein;

d.     Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment" (Attachment A); and;

ORDER ON STIPULATION FOR PROTECTION        Agit Global, Inc. et al. v. Wham-O, Inc.
OF CONFIDENTIAL AND PROPRIETARY INFORMATION        Case No. CV09-8133 CAS (JCx)
7

e.     The arbitrator/mediator/discovery referee in this Action, if any, and employees and similar personnel of said arbitrator/mediator/discovery referee;

f.     The Court and its personnel, subject to the provisions of Paragraph 19 herein; and

g.     The author of the document or the original source of the information.

14.     Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to "Experts"

a.     Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) identifies the specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years.

b.     A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Highly Confidential Information to the identified Expert after the expiration of seven court days from the delivery of the information in the preceding paragraph, unless, within the seven court days, the Party receives a written objection from the Designating

Party.  Any such objection must set forth in detail the grounds on which it is based.

          c.     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion seeking permission from the court to do so.   Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

          d.     In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Highly Confidential Information to its Expert.

     15.    Confidential Information, if designated "Confidential," shall be available only to:

          a.     The persons having access to materials designated "Highly Confidential -- Attorneys' Eyes Only" under and subject to the terms described in Paragraph 13.

          b     The Parties and their current officers, directors, and employees (including House Counsel) deemed necessary by counsel to aid in the prosecution,

defense, or settlement of this Action, provided such persons agree in writing to be bound by the terms of this Order pursuant to the procedures of (and only to the extent required by) Paragraph 16 herein;

        c.     Any deposition/arbitration/trial witnesses as necessary in connection with this Action, provided such persons agree in writing to be bound by the terms of this Order pursuant to the procedures of (and only to the extent required by) Paragraph 16 herein.

16.    The disclosing counsel shall provide each person identified under Paragraphs 13(b), 13(c), 15(b) and 15(c) with a copy of this Order and shall not disclose "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material to such persons unless, prior to such disclosure, such person agrees in writing to be bound by the terms of this Order in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each Party.

**CONFIDENTIAL INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

17.    Unless otherwise prohibited by law, if a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Unless otherwise prohibited by law, such notification must include a copy of the subpoena or court order.

        a.     The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.   In addition, the Receiving Party must deliver a copy of this

///

Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

        b.    The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION

18.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## FILING OF CONFIDENTIAL INFORMATION

19.    Confidential Information shall not be filed with the Court unless it is necessary to do so for purposes of trial, motions, or other related matters.  If Confidential Information, including any portion of a deposition transcript designated as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" is filed with the Court or included in any papers to be filed in Court, the Confidential

1  Information shall be submitted for filing under seal in compliance with the
2  procedures set forth in the Federal Rules of Civil Procedure, Rule 5.2(f) and
3  Central District Local Rule 79-5.1, and shall bear an appropriate legend stating
4  that the information is subject to this Order, and shall not be opened except as
5  directed by the Court.
6       **RETURN OF CONFIDENTIAL INFORMATION**
7       20.    This Order shall survive the final termination of this action, to the
8  extent that the Confidential Information is not or does not become known to the
9  public, and the Court shall retain jurisdiction to resolve any dispute concerning the
10 use of information disclosed hereunder.  Upon termination of this case, counsel
11 for the Parties shall assemble and return to each other all documents, materials and
12 deposition transcripts designated as "Confidential" or "Highly Confidential --
13 Attorneys' Eyes Only" and all copies of same, or shall certify the destruction
14 thereof.  Materials in the custody of the Court/Court personnel are excepted from
15 this paragraph.
16      **SCOPE OF DISCOVERY**
17      21.    This Order does not entitle any Party to receive in discovery any
18 information which is beyond statutory or case law or beyond the applicable rules
19 of arbitration.  Nothing herein shall impose any restriction on the use, retention or
20 disclosure by a Party of documents or information lawfully obtained by such Party
21 independently of discovery proceedings herein, if such information is lawfully
22 obtained from a third Party having the right to disclose such information.
23      **RESOLUTION OF DISPUTES**
24      22.    A Party shall not be obligated to challenge the propriety of a
25 "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" designation at
26 the time made, and failure to do so shall not preclude a subsequent challenge
27 thereto.  If a Party contends that any material is not entitled to confidential
28 treatment, such Party may at any time give written notice to the Party who

designated the material as Confidential Information.  The Parties shall first try to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the Party challenging the designation may request appropriate relief from the Court or Arbitrator, by identifying the documents or other material in question and showing that a legitimate dispute exists by stating a good-faith reason, consistent with the purposes of this Order, for desiring to disclose or use said material in a way not permitted by this Order if said designation were to stand.  It shall then be the burden of the Party making the challenged designation to demonstrate that the designation is appropriate. Such application for relief from the Court may be made by noticed motion or ex parte application.

23.    Notwithstanding any challenge to the designation of material as Confidential Information, each document, written discovery response, deposition transcript, testimony or other information designated as containing Confidential Information shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

a.    The Party who claims that the material contains Confidential Information withdraws such designation in writing; or

b.    The Court or Arbitrator rules the material does not constitute or contain Confidential Information.

**MISCELLANEOUS**

24.    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

25.    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

26.     This Stipulation is not intended to and shall not extend to documents and information obtained by a Party or a non-party witness independent of this action, even if copies or originals of the same documents or information constitute material subject to this Stipulated Protective Order disclosed or produced during discovery in this action and are designated as containing Confidential Material. By way of example, if a Party receives in discovery a document which is designated as "Confidential" or "Confidential—Attorneys' Eyes Only," and, independent of this action, the receiving Party had the original or a copy of the same document that was not so designated, then the receiving party would be bound by this Stipulation with respect to the copy designated as "Confidential" or "Confidential—Attorneys' Eyes Only," but not with respect to the copy which was obtained independent of this action.

27.     The terms and conditions of this Stipulation shall remain in full force and effect and shall survive even after the final resolution of the action unless terminated or modified by written stipulation of the Parties, or by Order of the Court.  The terms of this Stipulation shall not govern the trial of this case, which shall be conducted as ordered by the Court.  Protection sought by any Party at trial shall be sought independently of this Stipulation.

28.     This Stipulation shall bind the Parties from the date of execution hereof, prior to and in the absence of entry of a protective order by the Court. This Stipulation may be amended or modified by written stipulation of the Parties or by order of the Court.

**PURPOSE OF ORDER**

29.     This Order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties to this Action without involving the Court unnecessarily in the process.  Nothing in this Order nor the production of any information or document under the terms of the Order nor any proceedings pursuant to this Order shall be deemed to have the effect of

an admission or waiver by either Party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any Party or the absence thereof.

The Court having considered the Stipulation for Protection of Confidential and Proprietary Information entered into between the Parties, and for good cause appearing therefore:

IT IS HEREBY ORDERED, that for good cause appearing, the Order on the Stipulation for Protection of Confidential and Proprietary Information, as modified herein, is hereby granted.

IT IS SO ORDERED this 29th day of June, 2010

_____/s/_____
Hon. Jacqueline Chooljian
United States Magistrate Judge

ORDER ON STIPULATION FOR PROTECTION          Agit Global, Inc. et al. v. Wham-O, Inc.
OF CONFIDENTIAL AND PROPRIETARY INFORMATION          Case No. CV09-8133 CAS (JCx)

15